## BARKER *v.* TODD.

*(Circuit Court, N. D., New York.  July 29, 1882.)*

1. PATENT—INFRINGEMENT.

   Plaintiff's claim No. 1 in a patent was for an elastic bucket working by suction in the bore of a chain pump, and having a drip orifice, allowing the the water above the bucket to escape down to the source of supply ; and his claim No. 2 was for a solid elastic bucket with an elastic bearing edge, and a convex or contracted upper portion, so that the bucket would readily yield and go up, but resist going down.  *Held,* that these claims were infringed by the Stowe and Rumsey buckets, used by defendants, as they were both of them solid elastic buckets, having an elastic bearing edge, with the upper portion convex or contracted from said edge so that the bucket readily yields to any irregularities in the pump tube, and is easily drawn up, while it will resist moving downward ; and such bucket is adapted to fit and work in the bore of a pump tube to raise water by suction, and is provided with a suitable orifice or outlet, through which the water *above the bucket could escape.*

2. SAME—PREVIOUS EXISTENCE OF FEATURES CLAIMED.

   Where certain features have existed before their adoption by an inventor he can only claim modifications of the form embodying such features, and if other inventions differ in form there will be no infringement,

3. PATENTS No. 83,117 and No. 58,368 compared with that of plaintiff, and shown not to have anticipated the features of his invention.

*R. H. Duell,* for plaintiff.

*A. P. Smith,* for defendant.

BLATCHFORD, Justice.  This suit is brought on reissued letters patent granted to the plaintiff July 6, 1875, for an "improvement in buckets for chain pumps," the original patent having been granted to him June 20, 1871, and reissued to him May 19, 1874.  The reissue of 1875 was sustained by this court in a suit brought by the patentee against James D. Shoots, and decided in January, 1882.

The defendant has used two forms of bucket, the Stowe bucket and the Rumsey bucket.  It is very clear that both of them infringe claims 1 and 2 of the plaintiff's patent.  They are both of them solid elastic buckets, having an elastic bearing edge, with the upper portion convex or contracted from said edge so that the bucket will readily yield to any irregularities in the pump tube and be easily drawn up while it will resist moving downward; and the bucket is adapted to fit and work in the bore of a pump tube to raise water by suction, and is provided with a suitable orifice or outlet through which the water remaining in the pump tube above the bucket is allowed to escape down to the source of supply.  All of these features are found in the plaintiff's bucket and in the Stowe and the Rumsey

buckets. They are not shown to have existed before in unison in any bucket. These features make up claims 1 and 2. If they had existed before, the plaintiff could only claim modifications of the form embodying those features, and if the defendant's buckets differed in form they would not infringe. But the plaintiff is entitled to a broad construction of his claims. The defendant's buckets have the same structure and mode of operation so far as the above-named features are concerned. The elastic bucket working by suction in the bore and having the drip orifice is the subject of claim 1. The solid elastic bucket with the elastic bearing edge and the convex or contracted upper portion so that the bucket will readily yield and easily go up, but resist going down, is the subject of claim 2.

The patent No. 83,117, granted to Orin O. Witherell, October 13, 1868, and the patent No. 58,368, granted to Emmet R. Austin, October 2, 1866, do not show anything anticipating the plaintiff's claims. No witness testifies that they do, while there is testimony on the part of the plaintiff that Witherell's patent does not. Witherell's patent shows merely an elastic plate clamped between two metal plates. It is a lift valve raising water by lifting instead of suction, and has no such elastic bearing edge as the plaintiff's bucket has, and no drip orifice. The Austin arrangement works by lifting and there is no pump tube and no suggestion that the bucket is elastic.

The testimony of White and Wardwell is the same that was taken and introduced in the suit against Shoots. It shows only the use, not in new pump tubes, but in worn pump tubes, of a flat, thin, cylindrical disk of rubber slipped over the loop of the chain and lying flat on the metal buttons, to compensate for the wear which had taken place in the tube by the rubbing of the metal button. This was not an elastic bucket fitted to operate by suction, fitting the bore, and having a drip notch; nor was it a solid elastic bucket with an elastic bearing edge, and its upper portion convex or contracted from said edge. What was said on this subject in the decision in the suit against Shoots need not be here further repeated.

The testimony of Witherell shows the use of nothing different from what is above described. He testifies that the rubber disks which he placed on the metal buttons in the worn tubes were intended to fit about the same as it was intended the original metal buttons should fit, and were made to fit so loosely that they would not stick in the tube when the chain fell back after pumping, and would work without friction, and leave space enough between the disk and the bore of the tube for the water to escape downward.

There was no raising water by suction, and no elastic bearing edge, and so no anticipation of the plaintiff.

There must be a decree for the plaintiff for an account of profits and an ascertainment of damages, and a perpetual injunction, with costs.